OPINION
{¶ 1} Dwight Lane Reynolds was found guilty by a jury in the Montgomery County Court of Common Pleas of aggravated robbery and felonious assault, and he was sentenced accordingly. Reynolds appeals from his conviction and sentence.
 {¶ 2} On October 10, 2000, at approximately 11:30 a.m., Jerilynn Bachey was attacked as she sat in her car in the parking lot of a dentist's office on Salem Avenue. Bachey's car door was open as the attacker approached from the rear of the car and tried to grab her. As Bachey kicked her attacker from inside the car, he pulled a knife and stabbed her in the chest. She then grabbed the knife, and her hand was cut as she got the knife away from her attacker. After a brief struggle, Bachey managed to push past her attacker and run into the dental office. She was transported to a hospital, where she stayed for several days.
 {¶ 3} David Stanley, a man who was working in the dental office, ran outside immediately when Bachey told him what had happened. Stanley saw a man sitting in Bachey's car in the parking lot. When the man stood up outside the car he was holding a purse or fanny pack. Stanley saw the man clearly, and the man stated that he had a pistol. Stanley then moved back toward the dental office, and the man fled.
 {¶ 4} After the attack, Bachey and Stanley viewed several photospreads on two different dates. On October 31, Bachey looked at a photospread in which Reynolds' picture appeared. She told the detective that she thought that Reynolds was her attacker but that she was not one hundred percent sure. When Stanley looked at the same photospread, he stated that he was one hundred percent sure that Reynolds was the man he had seen getting out of Bachey's car.
 {¶ 5} Reynolds was arrested on November 1, 2000. He was subsequently indicted for aggravated robbery and felonious assault. Reynolds was tried by a jury in September 2001 and was convicted on both counts. He was sentenced to ten years in prison for the aggravated robbery and to eight years in prison for the felonious assault, to be served consecutively.
 {¶ 6} Reynolds raises one assignment of error on appeal.
 {¶ 7} "DEFENDANT-APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Reynolds argues that the state's evidence did not support his convictions for aggravated robbery and felonious assault. Although Reynolds states this assignment of error very generally, the primary focus of his argument is the identification testimony offered by Bachey and Stanley, which he claims was "incongruous in the details." He also claims that because Bachey's identification from the photospreads was not made with one hundred percent certainty, his guilt was not proven beyond a reasonable doubt.
 {¶ 9} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
 {¶ 10} The record does reveal that Bachey's and Stanley's descriptions of Bachey's attacker at trial were not entirely consistent with one another and may have contained some inconsistencies with their testimonies at the preliminary hearing. The descriptions were also somewhat at odds with Reynolds' actual physical characteristics. However, the witnesses were cross-examined about these discrepancies at some length. Bachey was also questioned extensively about her inability to identify Reynolds with certainty on the photospread. She testified that, while she had been only sixty percent certain of her identification of Reynolds at the time of the photospread, when she saw him in person in court, she was eighty percent certain that Reynolds had been her attacker. Stanley consistently maintained that he was one hundred percent certain that Reynolds had been the man in Bachey's car immediately after her attack. Based on this testimony, the jury did not clearly lose its way and create a manifest miscarriage of justice in concluding that Reynolds had been Bachey's attacker.
 {¶ 11} Reynolds also claims that his conviction was against the manifest weight of the evidence because he presented an alibi and because there was no physical evidence linking him to the scene of the crime. Reynolds' alibi consisted of testimony from his brother, Eugene Street, although Reynolds had previously told the police that he had been home with his sisters at the time of the attack. The jury could have reasonably concluded that Street's testimony was wholly lacking in credibility. For example, he claimed to remember very detailed information about his brother's activities on October 10, 2000 because of the stabbing incident, yet he acknowledged that he had not heard about the stabbing until November 1. He also claimed that he had not contacted the police about the alleged alibi when his brother was arrested because he did not have the phone number. Further, Street's account of Reynold's activities on October 10 conflicted with Reynolds' own account. The jury did not lose its way in refusing to credit this testimony. Moreover, the state was not required to present physical evidence of Reynolds' guilt.
 {¶ 12} Because the jury's verdict was not against the manifest weight of the evidence, the assignment of error is overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
GRADY, J. and YOUNG, J., concur.